IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CREDIT CARD FRAUD CONTROL CORPORATION,**<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**CHASE PAYMENTECH SOLUTIONS, LLC,**<br><br>　　　　　　　　Defendant. | Civil Action No. 3:14-cv-2617<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Credit Card Fraud Control Corporation files this Complaint against Chase Paymentech Solutions, LLC for infringement of U.S. Patent No. 8,630,942 (the "'942 patent").

## THE PARTIES

1.　Credit Card Fraud Control Corporation ("Fraud Control") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Newport Beach, California.

2.　Chase Paymentech Solutions, LLC ("Defendant") is a Delaware limited liability company with its principal place of business in Dallas, Texas. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

3.　Fraud Control brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement based on transactions arising in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

6.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) committing acts of infringement based on transactions arising in Texas; and (B) operating, conducting, engaging in, or carrying on business in Texas.

## PATENT INFRINGEMENT

7.      Fraud Control incorporates paragraphs 1 through 6 herein by reference.

8.      Fraud Control is the exclusive licensee of the '942 patent, entitled "Method of Billing a Purchase Made Over a Computer Network," with ownership of all substantial rights in the '942 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '942 patent is attached as Exhibit A.

9.      The '942 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10.     Defendant has directly infringed and continues to directly infringe one or more claims of the '942 patent, including (for example) at least claims 1, 15, 16, and 30, without the

consent or authorization of Fraud Control, by using an Internet address (*e.g.*, an IP address) to identify, manage, and/or prevent fraudulent Internet transactions.

11.  Fraud Control has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Fraud Control in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Fraud Control hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Fraud Control requests that the Court find in its favor and against Defendant, and that the Court grant Fraud Control the following relief:

a.  Judgment that one or more claims of the '942 patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.  Judgment that Defendant account for and pay to Fraud Control all damages to and costs incurred by Fraud Control because of Defendant's infringing activities and other conduct complained of herein;

c.  Judgment that Defendant account for and pay to Fraud Control a reasonable, on-going, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d.  That Fraud control be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e.  That Fraud Control be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| **Dated:  July 21, 2014** | Respectfully submitted, |
| | /s/ Edward R. Nelson, III |
| | Edward R. Nelson, III<br>Texas State Bar No. 00797142<br>Attorney-in-Charge<br>Ryan P. Griffin<br>Texas State Bar No. 24053687<br>NELSON BUMGARDNER CASTO, P.C.<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>(817) 377-9111<br>(817) 377-3485 (fax)<br>enelson@nbclaw.net<br>rgriffin@nbclaw.net |
| | **Attorneys for Plaintiff**<br>**CREDIT CARD FRAUD CONTROL**<br>**CORPORTAION** |